UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| SAMANTHA LUNSFORD, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SPEEDUP 3 LLC and LAKHBIR SINGH, individually,<br><br>Defendants. | CIVIL ACTION NO. 5:22-cv-00122<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Samantha Lunsford ("Plaintiff"), files her First Amended Complaint and Demand for Jury Trial against Speedup 3 LLC and Lakhbir Singh ("the Company" or "Defendant") and in support thereof, alleges as follows:

**PARTIES**

1. Defendant Speedup 3 LLC is a gas station and food mart.

2. Defendant Lakhbir Singh ("Singh") oversees the day-to-day operations of the business. At all times material hereto, Defendant Lakhbir Singh regularly exercised the authority to: (a) hire and fire employees of Speedup 3 LLC; (b) determine the work schedules for the employees of Speedup 3 LLC; and (c) control the finances and operations of Speedup 3 LLC.

3. Defendants employed Plaintiff from on or about July 25, 2021 until October 8, 2021.

4. Plaintiff is an individual residing in Georgetown, Kentucky.

1

5.     Plaintiff worked for Defendants' at their Georgetown location located at 208 N. Broadway, Georgetown, Kentucky, 40321.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Venue is proper in the Eastern District of Kentucky because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District. In particular, Defendants' principal place of business is located at 208 N. Broadway, Georgetown, Kentucky 40321.

## COVERAGE

8.     At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9.     At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d) and KRS 337.010(d).

10.    At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.    At all material times during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

12. Defendants have a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

13. Plaintiff was hired as in July 25, 2021 at a rate of $13 per hour. In her position as General Manager, Plaintiff reported directly to Defendant Lakhbir Singh.

14. Plaintiff typically began working at or around 1:00 p.m. and worked until 11:00 p.m. seven days per week.

15. In her position, Plaintiff's job duties included filing provide customer service to patrols, assist in the daily operations of the store, negotiate with vendors, cover shifts when needed, make orders, and other duties needed in the daily operation of the store.

16. Plaintiff's job duties did not include exempt work.

17. Plaintiff was paid less than $684 per week during each week she was employed by Defendants.

18. Defendants improperly misclassified Plaintiff as exempt from overtime.

19. Defendants failed to record all of the hours worked by Plaintiff.

20. Plaintiff routinely worked in excess of forty (40) hours per week as part of her regular job duties.

21. In fact, the Plaintiff's scheduled hours worked by Plaintiff resulted in a total of more than forty (40) hours per workweek.

22. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half of her regular rate of pay for hours worked over forty (40) in a workweek.

23. Upon information and belief, Defendants had/have a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their overtime hours worked.

24. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

25. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

26. Defendants have acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

27. Following Plaintiff's resignation from her employment with Defendants for their unlawful failure to pay her overtime wages, Defendant Singh told a potential employer when they called for a reference that Plaintiff had stolen thousands of dollars from him.

28. Singh's statement claiming that Plaintiff stole money from him was false.

29. Singh knew or should have known that his statements were false.

30. As a result of Singh's knowingly false statements, Plaintiff suffered damages, including damages to her reputation and by having prospective employers withhold job offers from her.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–30 above.

32. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

33. Defendants misclassified Plaintiff as exempt from overtime compensation.

34. During her employment with Defendants, Plaintiff regularly worked overtime hours but were not paid time and one-half compensation for same.

35. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER K.R.S. 337.385

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–30 above.

39. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

40. Defendants misclassified Plaintiff as exempt from overtime compensation.

41. During her employment with Defendants, Plaintiff regularly worked overtime hours but were not paid time and one-half compensation for same.

42. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendants' willful violation of K.R.S. 337.385, Plaintiff is entitled to liquidated damages.

44. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## DEFAMATION

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–30 above.

46. Singh made defamatory statements about Plaintiff by claiming that Plaintiff stole money while working for him.

47. Singh told another person that Plaintiff hired under age minors while she was a manager.

48. Singh's statements were made to third parties.

49. Singh's statements were false.

50. Singh knew or should have known his statements were false.

51. Singh's statements constitute defamation *per se.*

52. Singh's statements exposed Plaintiff to loss of potential employment, financial hardship, contempt, and ridicule with potential employers and with Plaintiff's peers.

6

53. As a result, Plaintiff was injured in her good name and reputation, has lost potential employment, and has suffered mental anguish. Plaintiff has suffered serious financial harm, as a result of the Defendants' unlawful action in her employment as well as emotion/physical distress.

## COUNT IV
## RETALIATION UNDER THE FLSA AND KRS 337

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–30 above.

55. Plaintiff engaged in protected conduct under the FLSA by complaining about and opposing Defendants' unlawful pay practices to Defendants. Specifically, Plaintiff complained to Defendants regarding their unlawful failure to pay her overtime.

56. Defendants knew or should have known that Plaintiff engaged in conduct protected by the FLSA.

57. As a result of Plaintiff's participation in protected activity, Defendants took adverse employment actions against her, including but not limited to, withholding Plaintiff's final paycheck, making false and defamatory statements to Plaintiff's prospective employers, and terminating the employment of Plaintiff's close family members.

58. Defendants' actions constitute unlawful retaliation under the FLSA.

59. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including loss of pay and benefits, attorneys' fees, and costs.

60. Defendants' conduct violates the FLSA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a) The payment of all overtime hours at time and one-half the regular rate of

pay for the hours worked by her for which Defendants did not properly compensate her;

b) Liquidated damages;

c) Damages for non-economic damages, including but not limited to humiliation, ridicule, and mental anguish;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands a trial on all claims so triable.

Respectfully submitted,

*s/J. Corey Asay*
J. Corey Asay
MORGAN & MORGAN, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
Phone: (859) 286-8368
Fax: (859) 286-8384
Email: casay@forthepeople.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I filed the foregoing using the Court's CM/ECF system, which I understand will transmit notice to all counsel of record.

<u>s/ J. Corey Asay</u><br>
J. Corey Asay